IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HEATHER DUFFY PLUNKETT, et al. | : | CIVIL ACTION |
| | : | NO. 14-6545 |
| v. | : | |
| | : | |
| NATIONWIDE MUTUAL INSURANCE | : | |
| CO. | : | |
| | : | |
| O'NEILL, J. | : | December 22, 2014 |

## MEMORANDUM

Plaintiffs Heather Duffy Plunkett and Francis McCaffery bring this action against defendant Nationwide Mutual Insurance Co. alleging claims for breach of contract and bad faith under Pennsylvania law. Presently before me are plaintiffs' motion to remand and for an award of costs and attorney's fees (Dkt. No. 2), defendant's response (Dkt. No. 3) and the parties' replies (Dkt. Nos. 4, 5). For the following reasons I will grant plaintiffs' motion to remand and deny plaintiffs' request for costs and attorney's fees.

## BACKGROUND

On October 15, 2014, this case was filed in the Court of Common Pleas for Philadelphia County. The complaint alleges that Plunkett was involved in a motor vehicle accident on November 28, 2011 and was defendant's insured under an automobile insurance policy. See Dkt. No. 1 at 14. As a result of the accident, Plunkett obtained chiropractic treatment from McCaffery. Pursuant to Pennsylvania's Motor Vehicle Financial Responsibility Law (PMVFRL), McCaffery submitted his requests for reimbursement directly to defendant, which then submitted those claims to peer review in order to determine their medical necessity. Defendant declined to reimburse McCaffery for treatments provided to Plunkett pursuant to the peer review's finding that McCaffery's services were medically unnecessary.

This action encompasses two claims separately asserted by McCaffery and Plunkett arising from defendant's denial of reimbursement for McCaffery's medical services. McCaffery brings a claim for breach of contract against defendant seeking payment for the services he provided to Plunkett. McCaffery's ad damnum clause alleges damages not in excess of fifty thousand dollars and not in excess of the amount requiring compulsory arbitration under Pennsylvania law. Plunkett brings a separate claim alleging defendant engaged in bad faith under her insurance policy pursuant to 42 Pa. C. S. A. § 8371. Plunkett's ad damnum clause also states that she does not seek damages in excess of fifty thousand dollars and not in excess of the amount required for compulsory arbitration. On November 13, 2014, defendant removed the case to federal court pursuant to 27 U.S.C. § 1441. See Dkt. No. 1. On November 26, 2014, plaintiff filed the motion to remand presently before me. See Dkt. No. 2.

## STANDARD OF REVIEW

A civil action may be removed from state court to federal district court where there is federal jurisdiction over the action. See 28 U.S.C. § 1441. Federal courts have jurisdiction over a removed action where there is diversity of citizenship and where the amount in controversy exceeds $75,000.00. See id.; 28 U.S.C. § 1332(a). Remand to state court is proper if a federal court lacks jurisdiction over a removed action. See 28 U.S.C. § 1447(c). The Court of Appeals has held that "[t]he party asserting jurisdiction bears the burden of showing the action is properly before the federal court" and that "[t]he statute governing removal, 28 U.S.C. § 1441, must be strictly construed against removal." Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 219 (3d Cir. 2005). In particular, "where the complaint specifically limits the amount in controversy to less than the jurisdictional minimum" then the removing party "must prove to a legal certainty that the amount in controversy exceeds the statutory threshold." Dunfee v. Allstate Ins. Co., No. 08-

01425, 2008 WL 2579799, at *5 (E.D. Pa. June 26, 2008), citing Frederico v. Home Depot, 507 F.3d 188, 195-97 (3d Cir. 2007).  Legal certainty "falls somewhere below absolute certainty and above preponderance of the evidence."  Hoffman v. DSE Healthcare Solutions, LLC, No. 13-07582, 2014 WL 1155472, at *2 (D.N.J. Mar. 21, 2014) (citations omitted).  Here, plaintiffs each expressly limit their claims to less than the jurisdictional minimum of $75,000.00.  Thus, defendant has the burden of showing to a legal certainty that the amount in controversy exceeds $75,000.00 in order to establish federal jurisdiction.[1]

## DISCUSSION

Plaintiffs move to remand this action on two grounds.  First, plaintiffs contend that there is not diversity of citizenship in this action because McCaffery brings a direct action against defendant, which pursuant to 1332(c) confers the citizenship of Plunkett as defendant's insured upon defendant itself.  I do not reach this question because I will remand on alternative grounds.

Plaintiffs' second contention is that defendant has not established to a legal certainty that plaintiffs' claims exceed the amount in controversy requirement for diversity jurisdiction.  In response, defendant argues that this action exceeds the amount in controversy requirement

---

[1] The Court of Appeals has left open whether the legal certainty standard applied in Frederico has been abrogated by the Federal Courts Jurisdiction and Venue Clarification Act of 2011 (FCJVCA).  See Judon v. Travelers Prop. Cas. Co. of Am., No. 14-3406, 2014 WL 6997485, at *10 n.7 (3d Cir. Dec. 12, 2014) (noting that after the passage of the FCJVCA, the preponderance of the evidence standard rather than the legal certainty standard may apply "in some traditional diversity actions"); see also Dart Cherokee Basin Operating Co., LLC v. Owens, No. 13-719, 2014 WL 7010692, at *5-6 (U.S. Dec. 15, 2014) (noting preponderance of the evidence standard applies to a defendant's assertion of amount in controversy on removal).  Neither party has raised this issue and both assume that the legal certainty standard applies here.  Thus, I will decline to consider it.  However, I find that applying the preponderance of the evidence standard defendants have still not carried their burden to demonstrate that the amount in controversy exceeds $75,000.00.

because McCaffery and Plunkett's claims should be aggregated. On this issue, I agree with plaintiffs.

I.  **Aggregation of Claims**

Generally, multiple plaintiffs may not aggregate separate and distinct claims to reach the amount in controversy required for diversity jurisdiction. See Huber v. Taylor, 532 F.3d 237, 244 (3d Cir. 2008). Multiple plaintiffs' claims may be considered separate and distinct where the adjudication of their claims could be accomplished in separate actions. See Pohl v. NGK Metals Corp., 117 F. Supp. 2d 474, 477 (E.D. Pa. 2000); Augustine v. Chubb Grp. of Ins. Cos., No. 05-2073, 2005 WL 1869186, at *3 (E.D. Pa. July 27, 2005).

Under Pennsylvania law, a bad faith action under § 8371 is considered "a separate and distinct cause of action from the underlying contract claim against the insurer." Nelson v. State Farm Mut. Auto. Ins. Co., 988 F. Supp. 527, 529-30 (E.D. Pa. 1997) (citing state cases); see also Waldman v. Pediatric Servs. of Am., Inc., No. 97-7257, 1998 WL 770629, at *9 (E.D. Pa. Nov. 5, 1998) (same). The PMVFRL provides for insurance companies to challenge medical provider services for medical necessity by submitting them for peer review. See Herd Chiropractic Clinic, P.C. v. State Farm Mut. Auto. Ins. Co., 64 A.3d 1058, 1060 (Pa. 2013). If the peer review ultimately finds the disputed services medically unnecessary, then the insurer is not responsible for payment of the services and the provider may not recover from the insured for the unreimbursed services. See Taylor v. Nationwide Ins. Co., 35 Pa. D. & C. 4th 101, 113 (Pa. Ct. Com. Pl. Allegheny Cty. 1997). Instead, "[t]he medical provider is permitted to sue the insurance company if its bill is not paid." Id. Defendant concedes, as it must, that McCaffery can file an independent action against defendant for reimbursement of the medical services he

4

provided to Plunkett.  See Dkt. No. 3 at 18.  Thus, plaintiffs' claims are separate and distinct for purposes of determining the amount in controversy.

However, "[a]ggregation has been permitted . . . in cases in which two or more plaintiffs unite to enforce a single title or right in which they have a common and undivided interest." Snyder v. Harris, 394 U.S. 332, 335 (1969).  Defendant essentially contends that McCaffery and Plunkett are seeking to enforce a right to unreimbursed medical expenses in which they have a common interest.  The paradigm cases allowing aggregation of multiple plaintiffs' claims are matters that cannot be adjudicated without implicating the rights of everyone with an interest in a common and indivisible res such as an estate, property or an insurance policy.  See Gilman v. BHC Sec., Inc., 104 F.3d 1418, 1423 (2d Cir. 1997).  In New Jersey Welfare Rights Organization v. Cahill, 483 F.2d 723 (3d Cir. 1973), the Court of Appeals considered whether a class of federal welfare program recipients could aggregate their individual claims to establish the amount in controversy for diversity jurisdiction in order to challenge the government's calculation of benefits under the program.[2]  The Court found that aggregation would be allowed if the plaintiffs' claims satisfied the following elements: (1) the adversary of the class had no interest in how the claim is to be distributed among members of the class, (2) none of the class members could bring suit without affecting rights of other class members and (3) the rights asserted were common to the class rather than individually held.  See Cahill, 483 F.2d at 725; Harris v. Provident Mut. Life Ins. Co. of Phila., No. 90-2733, 1991 WL 152956, at *4 (E.D. Pa. Aug. 6, 1991) (applying Cahill), aff'd 961 F.2d 1567 (3d Cir. 1992).

---

[2]  Case law related to aggregation of claims typically arises in the class action context, but applies to cases in which multiple plaintiffs are joined by convenience.  See Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 218 (3d Cir. 1999).

5

If both McCaffery and Plunkett were in fact attempting to jointly enforce their right to reimbursement for medical services against defendant there would be an interesting question as to whether those claims were common and indivisible.  Plunkett has asserted no such claim for reimbursement against defendant, however.  Thus, defendant asks that I consider McCaffery's claim for reimbursement to be common and indivisible with Plunkett's legally permissible, but at this point purely hypothetical claim to the same funds.  Defendant has not provided case law supporting such a proposition.  Rather, defendant merely contends that it is unfair that Plunkett has destroyed diversity jurisdiction by choosing not to enforce her right to bring a claim for reimbursement against defendants.

Put another way, defendant essentially asks me to compel Plunkett to bring a claim she has chosen not to assert for purposes of determining the amount in controversy.  Courts have noted that under the PMVFRL there are reasons an insured's interests might counsel in favor of allowing a medical provider, instead of the insured, to assert a claim for reimbursement for services that were found medically unnecessary.  For example, if an insurer prevails on a medical provider's claim for reimbursement and services are conclusively found to have been unnecessary, then the insured will have more money available under their insurance policy to fund other potentially medically necessary services.  See Taylor, 35 Pa. D. & C. 4th at 113 (discussing interests of various parties in actions under the PMVFRL and § 8371).  Thus, I find that plaintiffs may and have brought separate and distinct claims and will decline to aggregate them for the purpose of determining the amount in controversy.

**II.     Amount in Controversy Determination**

Since plaintiffs' claims may not be aggregated, defendant must show to a legal certainty that the claim of at least one plaintiff exceeds the amount in controversy requirement.  See

Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 559 (2005).  Although plaintiffs state their individual claims do not exceed the amount in controversy requirement, I must look at whether the plaintiffs' claims in fact meet the amount in controversy, "irrespective of whether the plaintiff[s] state[ ] that the demands do not."  Morgan v. Gay, 471 F.3d 469, 474-75 (3d Cir. 2006).  Defendant does not appear to contend that one of the plaintiffs might individually exceed the amount in controversy requirement on the claims they have actually brought.  See Dkt. No. 3 at 20.  Out of an abundance of caution, however, I will address the amount in controversy as to each plaintiff in this action.

"A plaintiff, if permitted by state laws, may limit her monetary claims to avoid the amount in controversy threshold."  Morgan, 471 F.3d at 474.  Courts in this district have found that "where the complaint expressly limited damages to $50,000 for purposes of arbitration" pursuant to Pennsylvania's compulsory arbitration provision, "the amount in controversy does not meet the $75,000 jurisdictional minimum."  Dunfee v. Allstate Ins. Co., No. 08-01425, 2008 WL 2579799, at *5 (E.D. Pa. June 26, 2008), citing Espinosa v. Allstate Ins. Co., No. 07-0746, 2007 WL 1181020 (E.D. Pa. April 16, 2007) and Punzak v. Allstate Ins. Co., No. 07-1052, 2007 WL 1166087 (E.D. Pa. April 17, 2007).  Plaintiffs have expressly limited each of their claims to $50,000.00 for purposes of arbitration under Pennsylvania law.

I also look to defendant's proposed amount in controversy as to each plaintiff. McCaffery claims $10,660.00 in unpaid medical bills and requests attorney's fees.  Defendant estimates that plaintiffs will "undoubtedly seek in excess of $20,0000.00 in counsel fees at the close of arbitration."  Dkt. No. 3 at 20.  At a maximum then, defendant proposes that McCaffery will claim $30,660.00.  Thus, defendant provides no basis upon which I might find McCaffery's claim exceeds the amount in controversy requirement.

7

Pursuant to § 8371, Plunkett claims punitive damages and attorney's fees against defendant. Defendant's own estimation is that Plunkett's punitive damages claim will amount to three to five times of McCaffery's contract claim award plus attorney's fees. Assuming a punitive damage award on the high end of defendant's estimate at $50,000.00, and even assuming a double counting of the attorney's fees awarded to McCaffery, Plunkett's claim is unlikely to exceed $75,000.00. Thus, defendants have not shown to a legal certainty that plaintiffs' claims exceed the amount in controversy requirement for diversity jurisdiction.

### III. Attorney's Fees

Plaintiffs request that I award them attorney's fees under § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447. Awards under 1447(c) are permitted where the "removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Although defendant's argument in support of removing this action was unsuccessful, I do not find that it was sufficiently unreasonable so as to warrant an award to plaintiffs of costs and attorney's fees.

### CONCLUSION

For the reasons set forth above, I will grant plaintiffs' motion to remand and deny plaintiffs' request for costs and attorney's fees.

An appropriate Order follows.